**QIAO JUAN LIU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 05–4635–ag.

United States Court of Appeals, Second Circuit.

May 11, 2006.

Richard Tarzia, Belle Mead, New Jersey, for Petitioner.

Kevin J. O'Connor, United States Attorney, District of Connecticut; John A. Marrella, William J. Nardini, Assistant United States Attorneys, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 11th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qiao Juan Liu, through counsel, petitions for review of the August 2005 order affirming Immigration Judge ("IJ") Sandy K. Horn's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida-Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

Substantial evidence supports the IJ's finding that the evidence presented by Liu did not establish that she would be sterilized if forced to return to China. While Liu offered ample evidence indicating that Chinese nationals who had children in the United States would be subject to the family planning policy upon their repatriation to China, she failed to present any evidence that *she* would be targeted for forced sterilization. Moreover, her argument that the IJ either ignored or excluded her supporting evidence is unavailing. An IJ is not required to specifically address each piece of evidence presented by the petitioner when he has given "reasoned consideration" to an application, and made adequate findings. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir.2006). Rather, he is presumed to have "taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Id.*

Here, the record does not suggest that the IJ failed to consider Liu's evidence. For example, Liu's argument that an article concerning a pregnant Chinese national in the United States who was granted asylum because the Chinese authorities demanded that she have an abortion, is not persuasive evidence that Liu, in turn, would be forced to undergo sterilization in China. Liu has not presented evidence that the Chinese authorities are demand-

ing that *she* return to China to undergo sterilization, or that she has in the past, had conflicts with the family planning officials that would indicate they would pursue her if she returned to China. Accordingly, in the absence of solid support in the record for Liu's assertion that she would be subjected to future persecution in China due to China's coercive population control practices, her fear is speculative at best. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

Additionally, because Liu failed to raise the issue of CAT relief in her petition for review, it is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Moreover, this Court lacks jurisdiction to review Liu's CAT claim because she failed to exhaust this issue on appeal to the BIA. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).